IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD KELLY MERECHKA                                             PLAINTIFF

     v.                                         CIVIL NO. 09-2108

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                     DEFENDANT

**<u>ORDER</u>**

     Plaintiff, Edward Kelly Merechka, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for supplemental security income (SSI), pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381a. (Doc. # 1). Defendant filed an answer to Plaintiff's action on November 23, 2009, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 10).

     On January 21, 2010, the Commissioner, having changed positions, filed a motion requesting Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 12). The Commissioner seeks remand to allow the ALJ to reassess Plaintiff's residual functional capacity (RFC), and, if necessary, to obtain testimony from a vocational expert concerning the effects of Plaintiff's exertional and nonexertional limitations on the occupational base.

     The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to

consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand to allow the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, the Commissioner's motion to remand is hereby granted and the case will be remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

IT IS SO ORDERED this 21st day of January 2010.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE