IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD KELLY MERECHKA                                                                                    PLAINTIFF

v.                                              CIVIL NO. 09-2108

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                           DEFENDANT

## ORDER

Plaintiff, Edward Kelly Merechka, appealed the Commissioner's denial of benefits to this court. (Doc. # 1). On January 21, 2010, Defendant filed a motion to remand, pursuant to sentence four of 42 U.S.C. § 405(g), to allow the ALJ to reassess Plaintiff's residual functional capacity. (Doc. # 12). Defendant's motion was granted and judgment was entered remanding Plaintiff's case to the Commissioner. (Doc. # 13). Plaintiff now moves for an award of $2996.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 17.1 attorney hours at a rate of $165 and 3.5 paralegal hours at a rate of $50. (Docs. # 14-15). Defendant has filed a response voicing no objections. (Doc. # 16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $165.00. We find this rate to be reasonable. Accordingly, counsel is entitled to an hourly rate of $165.00.

Counsel has also requested 3.50 hours of paralegal work at an hourly rate of $50.00. We find this rate to be reasonable. In the future, however, counsel should submit affidavits verifying the market rate for paralegal work. Accordingly, we find an hourly rate of $50.00 for paralegal

work to be reasonable. *See Richlin Security Service Company v. Chertoff,* 553 U.S. 571 (2008).

**Attorney Hours**

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Counsel requests .10 hours for receiving, reviewing, executing and returning the magistrate consent form, .10 hours for receiving and reviewing the scheduling order, .50 hours for receiving and reviewing Defendant's motion to remand, and .20 hours for receiving and reviewing the order remanding Plaintiff's case. This court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp. 898 (E.D.Ark. 1989). Many of these documents were single page documents requiring minimal time to review. Additionally, the motion to remand and the order granting remand were only two pages in length. We grant counsel .05 hours for reviewing and signing the magistrate consent form, .05 hours for receiving and reviewing the scheduling order, .15 hours for receiving and reviewing Defendant's motion to remand, and .15 hours for receiving and reviewing the order to remand. Accordingly, we deduct .50 hours from the total number of compensable hours.

Counsel also requests compensation for 14.60 hours for reviewing the transcript, analyzing and researching the law, and drafting and editing his appeal brief. However, there were no unique or complex issues to be developed in this particular case, and the transcript was approximately 199 pages in length. Counsel frequently represents social security claimants before this court and should be well versed in social security law. Accordingly, we find that the time submitted for preparing Plaintiff's brief is excessive. Therefore, we are reducing the number of hours submitted for the preparation of Plaintiff's brief to 11.00 hours. Accordingly,

we will deduct 3.60 hours from the total number of compensable hours.

**Paralegal Hours**

Counsel requests .20 paralegal hours for verifying service and executing and filing the return of service, .30 paralegal hours for preparing and scanning the affidavit of service, and 2.00 paralegal hours for the preparation of counsel's EAJA motion and accompanying documents. This court concludes that it should not have taken this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Furthermore, verifying service and scanning the affidavit of service are tasks which could have been completed by support staff. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). We grant counsel .10 paralegal hours for executing the return of service, .15 paralegal hours for preparing the affidavits of service, and 1.50 hours for the preparation of the EAJA motion. Accordingly, we will deduct a total of .75 paralegal hours from the total number of compensable hours.

Based on the above, we award Plaintiff's attorney fees under the EAJA for: 13.00 (17.1-4.1) attorney hours at the rate of $165.00 per hour and 2.75 (3.50-.75) paralegal hours at the rate of $50 per hour, for a total attorney's fee award of $2282.50. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent

double recovery by counsel for the Plaintiff.

      Dated this 1st day of June 2010.

                                              /S/ *J. Marschewski*
                                          HON. JAMES R. MARSCHEWSKI
                                          CHIEF U.S. MAGISTRATE JUDGE

AO72A
(Rev. 8/82)